]IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-CR-128 |
| | ) | |
| v. | ) | |
| | ) | |
| KOREY MARTZ, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMO |
| Defendant. | ) | |

Defendant, through counsel, submits the following very short sentencing memo.

The government is recommending a sentence of 130 months. Defendant believes a modest variance is warranted to bring his sentence closer in alignment to what national statistics would support as a sentence that is not disparate from other child pornography offenses.

First, the national figures for all child pornography offenders (including production and distribution cases) have had as their median the following over the past 5 reported years: 78, 87, 84, 84 and 90. Those figures average out to 84.6 months. The median is the point where half the child pornography sentences are above and half are below. Having said that, we can safely say that the sentences under 84.6 months are almost for certain offenses involving possession and receipt while most above involve production and distribution. And the mean numbers run higher than the median because almost all production and distribution cases carry sentences at or above 20 years and when "averaged" with all others skew the mean numbers. Unfortunately, the data does not break child pornography sentences down in more detail to differentiate between possession and receipt cases versus distribution and production. But, we are safe is saying that the median sentence length is a better measure than the mean when evaluating this sentence. Even the 5 year average median number in this district is 111.8 months, and that tells us we

1

either have a different case mix in this district than nationally or there are particular idiosyncratic reasons that explain why sentences in the Southern District of Iowa are 27 months higher at the median than nationally. One reason could be that probation keeps quoting in its reports the "mean" sentences for only this district, not the median, and they provide no national data. The whole point of federal sentencing guidelines was to create some uniformity across the entire country, not to have sentences be "uniform" within each district. That is what the unwarranted disparity avoidance factor is to cause the court to consider. That data actually shows our district is imposing disparate lengthy sentences in a pronounced way over the last 5 years. Perhaps that is warranted based on particular cases, but the data recited in our objection letter shows that we were at or under the national median and mean in 2015 and 2016 and since then our district has been longer than the national mean and median by something like 25%. So, the district numbers are skewed long and of little value.

Nationally, something like 60% plus of child pornography cases see a downward variance.

This case is a possession-only case. Unfortunately, defendant's criminal history points drive his sentence as do the usual factors in the guidelines. Some of defendant's prior charges have cumulated points, but when the record is examined a number are part of one event and related circumstances that perhaps create extra points that are the result of decisions made years ago about how to dispose of cases. And some of the charges that look particularly troublesome or concerning were dismissed by prosecutors who presumably knew their own cases best at the time. Relitigating those issues in this sentencing is an impossible task. Obviously, charges were filed based on probable cause, but prosecutors made decisions to abandon certain charges and

dismiss them.  We should trust those decisions were not lightly made.  And, any alleged victim would have been consulted by the prosecutor because that is required by Iowa law.

Having said all that, based on all the facts and circumstances and 3553 factors we would suggest that, but for his criminal history Mr. Martz would be looking at a sentence as low as 60 months.  But, this case seems like a case much more like a median case on the national level and that would tend to support an 85 month sentence for Mr. Martz.  No doubt an 85 month sentence is still a long time in prison.  But, it is important to remember that many of the law changes allowing for federal inmates to receive various program and other credits are not available to Mr. Martz, so his 85 months will result in a meaningfully longer sentence served for him than for those receiving an 85 month sentence who are eligible.

/s/ Dean Stowers
Dean Stowers
Stowers & Nelsen PLC
650 S. Prairie View Drive, Suite 130
West Des Moines, IA 50266
Phone: (515) 224-7446
Fax: (515) 225-6215
Email: dean@stowersnelsen.com
ATTORNEY FOR DEFENDANT
Korey Martz